SIREN GAMING, LLC, a Nevada limited liability company as assignee of Siren Communications, LLC, Nevada limited liability corporation, Plaintiff—Appellant,

v.

Gil ARVISO; M. Teresa Hopkins; Indigetec, Inc.; Larry Jim; Smith Bagley, Inc., Defendants—Appellees.

No. 04–17508.

D.C. No. CV–04–01417–PMP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2005.

Decided Oct. 26, 2005.

---

1. The government has not argued that the calls were admissible for any other reasons than the two discussed in text.

Bradley Hofland, Hofland Manning, Las Vegas, NV, for Plaintiff–Appellant.

Glenn J. Carter, Gerald W. Alston, Jennings Strouss & Salmon, PLC, Phoenix, AZ, Gregory Buyhyoff, Law Office of Gregory F. Buhyoff, Las Vegas, NV, for Defendant–Appellee.

Appeal from the United States District Court for the District of Nevada; Philip M. Pro, District Judge, Presiding.

Before TROTT and RYMER, Circuit Judges, and PLAGER,* Senior Judge.

## MEMORANDUM**

Siren Gaming appeals the district court's dismissal for lack of personal jurisdiction of Siren Gaming's suit against Smith Bagley. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Because the non-disclosure agreement incorporated only the choice of law clause, and not the forum selection clause, of the joint venture agreement, Smith Bagley did not consent to personal jurisdiction in Nevada. *See Lincoln Welding Works, Inc. v. Ramirez,* 98 Nev. 342, 647 P.2d 381, 383 (1982) (noting that where a contract incorporates another writing for a specified purpose, that other writing becomes a part of the contract only for that specified purpose).

■ Smith Bagley is not subject to specific jurisdiction in Nevada because none of the bases upon which Siren Gaming asserts specific jurisdiction indicate that Smith Bagley purposefully availed itself of the privilege of conducting activities in Nevada, nor that any harm arose out of Smith Bagley's contacts with Nevada. *See Calder v. Jones,* 465 U.S. 783, 788–89, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984) (holding that, for purposes of an intentional tort claim, specific jurisdiction exists if the intentional act was expressly aimed at the forum state and caused harm the defendant knew would be suffered in the forum state).

■ Finally, Smith Bagley is not subject to general jurisdiction in Nevada because its contacts with Nevada were neither continuous nor systematic. *See Shute v. Carnival Cruise Lines,* 897 F.2d 377, 381 (9th Cir.1990), *rev'd on other grounds,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991) (holding that defendant could not be subjected to general jurisdiction even though defendant advertised its services in the forum state, conducted seminars in the forum state, and sold its services to forum residents).

**AFFIRMED.**

---

* The Honorable S. Jay Plager, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.